```
_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

         FEB 13 2020

            AT SEATTLE
       CLERK U.S. DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    BY                       DEPUTY
```

Magistrate Judge Mary Alice Theiler

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YING HAO LI,<br><br>Defendant. | No. MJ20-060<br><br>COMPLAINT for VIOLATION OF<br>8 U.S.C. § 1324 (a)(2)(B)(ii);<br>(Bringing Aliens Without Authorization, Private Financial Gain)<br><br>8 U.S.C. §§ 1324 (a)(1)(A)(i) and (B)(i)<br>(Bringing Aliens Into at a Place Other than Port of Entry, Private financial Gain)<br><br>(Felony) |

BEFORE, United States Magistrate Judge, Mary Alice Theiler, United States Courthouse, 700 Stewart Street, Seattle, Washington.

### COUNT I
### 8 U.S.C. § 1324(a)(2)(B)(ii)
**(Bringing Alien Without Authorization to United States for Personal Gain)**

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing and in reckless disregard of the fact that J.D., was an alien, a citizen and national of the People's Republic of China, who had not received prior official authorization to come to, enter, or reside in the United States, did bring to the United States said alien for the purpose of private financial gain.

U.S. v. YING HAO LI - 1
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).

## COUNT II
## 8 U.S.C. § 1324(a)(2)(B)(ii)
### (Bringing Alien Without Authorization to United States for Personal Gain)

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing and in reckless disregard of the fact that X.F., was an alien, a citizen and national of the People's Republic of China, who had not received prior official authorization to come to, enter, or reside in the United States, did bring to the United States said alien for the purpose of private financial gain.

All in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).

## COUNT III
## 8 U.S.C. § 1324(a)(2)(B)(ii)
### (Bringing Alien Without Authorization to United States for Personal Gain)

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing and in reckless disregard of the fact that Y.W., was an alien, a citizen and national of the People's Republic of China, who had not received prior official authorization to come to, enter, or reside in the United States, did bring to the United States said alien for the purpose of private financial gain.

All in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).

## COUNT IV
## 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i)
### (Bringing Alien Into United States at Place Other than a Designated Port of Entry, Private Financial Gain)

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing that J.D., was an alien, a citizen of the People's Republic of China, did bring into the United States said alien at a place other than a designated port of entry or place other than as designated by the Secretary of the Department of Homeland Security and did so for private financial gain.

All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i).

U.S. v. YING HAO LI - 2
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT V
### 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i)
**(Bringing Alien Into United States at Place Other than a Designated Port of Entry, Private Financial Gain)**

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing that Y.W., was an alien, a citizen of the People's Republic of China, did bring into the United States said alien at a place other than a designated port of entry or place other than as designated by the Secretary of the Department of Homeland Security and did so for private financial gain.

All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i).

## COUNT VI
### 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i)
**(Bringing Alien Into United States at Place Other than a Designated Port of Entry, Private Financial Gain)**

On or about January 28, 2020, near Lynden, within the Western District of Washington, YING HAO LI, knowing that X.F., was an alien, a citizen of the People's Republic of China, did bring into the United States said alien at a place other than a designated port of entry or place other than as designated by the Secretary of the Department of Homeland Security and did so for private financial gain.

All in violation of 8 U.S.C. §§ 1324(a)(1)(A)(i) and (B)(i).

1. I, Reese W. Osburn, am a United States Border Patrol Agent under the direction of Customs and Border Protection, an agency within the Department of Homeland Security. Part of my duties entail the location and apprehension of foreign nationals in the United States who have been engaged in criminal activity. I have been employed as an agent of the United States Border Patrol for almost eighteen (18) years. The following information is based on my investigation; the investigation of other Border Patrol agents, and the Citizenship and Immigration Services (hereinafter "CIS"), an agency within the Department of Homeland Security.

U.S. v. YING HAO LI - 3
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

2. On January 28, 2020, at approximately 9:00 p.m., Border Patrol Agents Daniel Emplit and Erik Bjordahl were performing foot patrol duties along the United States and Canada border about one and one-half miles west of the Lynden, Washington, port-of-entry. At this time, they observed a silver minivan turn east onto 0 (Zero) Avenue from 248th Street in Canada. This a remote, rural area that is known for alien and drug smuggling activity. The agents noted that the vehicle appeared to be traveling unusually slow (approximately 5 miles an hour) as it passed their location and came to a stop shortly thereafter. After the stop, the agents observed four individuals get out of the minivan in a single file and quickly walk south into the United States.

3. As the four individuals made their way through the thick wooded area, Agents Emplit and Bjordahl noticed that the group appeared to be moving in unison. The agents also noted that the group was being cautious about the amount of noise they made. If one of them broke a branch or made any other type of noise, they would all stop for several minutes.

4. After approximately 30 minutes of observing the individuals, Agents Emplit and Bjordahl were able to approach the group. They identified themselves as United States Border Patrol Agents and ordered them to stop. The four individuals stopped, put their hands on their heads, and got down on the ground. The agents noticed that they were all wearing full-length green chest waders with black jackets and backpacks. The individual in the lead position was also carrying a stick that he used to separate branches as they moved through the wooded area.

5. Agents Emplit and Bjordahl then asked the individuals if any of them spoke English. The male individual, YING HAO LI ("Defendant"), stated that he could speak some English, but he said the others could not. Upon questioning, Defendant stated that they were from China and he knew they had entered the United States illegally. The agents then took the group to a nearby Border Patrol service vehicle and transported the four individuals to the Bellingham Border Patrol Station. Upon arrival at the Bellingham Border Patrol Station, the individuals were taken to the processing area where their

U.S. v. YING HAO LI - 4
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

property was inventoried. Cellular phones and a night vision device were some of the items inventoried. While processing Defendant, agents became aware that Defendant's fingerprints were altered to such an extent that they could not provide an image sufficient for a fingerprint search through an electronic criminal database.

6. On January 29, 2020, a video-recorded sworn statement was taken from Y.W. at the Bellingham Border Patrol Station at 1:32 a.m. Agents Russell Wynn and James Balkman conducted the interview in Y.W.'s native Mandarin language through an interpreter from the language hotline conducting the translation. During the interview, Y.W. was advised of her administrative rights. She stated that she did not wish to provide a statement.

7. On January 29, 2020, a video-recorded sworn statement was taken from J.D. at the Bellingham Border Patrol Station at 1:44 a.m. Agents Russell Wynn and James Balkman conducted the interview in J.D.'s native Mandarin language through an interpreter from the language hotline conducting the translation. During the interview, J.D. was advised of her administrative rights. She stated that she did not wish to provide a statement.

On January 29, 2020, a video-recorded sworn statement was taken from X.F. at the Bellingham Border Patrol Station at 1:52 a.m. Agents Russell Wynn and James Balkman conducted the interview in X.F.'s native Mandarin language through an interpreter from the language hotline conducting the translation. X.F. was advised of her administrative rights. She stated that she would provide a statement.

8. In the interview that followed, X.F. made the following statements:

   a. She is a Chinese national and has never had permission to enter the United States legally. She flew from China to Vancouver, British Columbia. At the airport, she rode with some people she met on the plane to a hotel recommended by a taxi driver. The next day she began sharing a room with J.D. and Y.W. They discussed how they wished to come to the United States.

U.S. v. YING HAO LI - 5
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.  On the night that they were apprehended by the Border Patrol agents, a taxi picked them up and drove them to the border. She stated she had not previously met the driver and could not describe the type of vehicle he was driving. Upon being dropped off at the border, they walked through the woods until being apprehended by the Border Patrol agents.

9.  On January 29, 2020, a video-recorded sworn statement was taken from Defendant at the Bellingham Border Patrol Station at 3:05 a.m. Agents Russell Wynn and James Balkman conducted the video-recorded interview in Defendant's native Cantonese language with an interpreter from the language hotline conducting the translation. Before the statement was taken, Defendant was advised of his Miranda Rights. Defendant stated that he understood his rights; was willing to waive those rights; and that he was willing to provide a statement.

10.  In the interview that followed, Defendant made the following statements:

a.  He was born in China, but is a citizen of Canada and did not have permission to enter the United States legally. He has lived in Canada for the past 20 years and had only entered the United States once. Defendant went on to say that he had attempted to drive into the United States on a previous occasion, but had been denied entry due to a previous conviction in Canada for the sale of 8-10 grams of cocaine and he served 2-3 months in jail.

b.  Approximately 2-3 months prior to his current apprehension, he met a man named "John" who he believed to be Chinese. He met John at a casino in Canada. A few days prior to his current apprehension, John contacted him and offered to pay him $500.00 Canadian dollars to guide three women into the United States from Canada. Defendant stated that he was nervous about going ahead with the smuggling event, but agreed he would because he had lost approximately $1,000.00 Canadian dollars recently at a casino and was not employed.

U.S. v. YING HAO LI - 6
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The day of the apprehension, John came to his house and picked him up. The two of them then drove to Surrey, British Columbia, Canada, where they picked up X.F., J.D. and Y.W. Defendant claimed he had not previously met the three women. As they drove to the border, the group changed into plastic waders that John had purchased for them. John explained that there would be "spikey plants" and that the waders would help protect them from the thorns. Defendant stated that this was his first time guiding people into the United States and that he was nervous. He further stated that John had instructed him to "just go straight" and that when he got them to some "big trees" they would know where to go. After the three women were in the United States, Defendant was to return to the drop-off area in Canada and John would pick him up and pay Defendant $500.00 Canadian dollars.

d. Upon arriving at the border, Defendant and the three women got out of the vehicle and crossed into the United States. Defendant said he was nervous about having to guide them it in the dark, but John had assured him that where they were crossing was safe from other people and wild animals. Defendant ended his statement by saying "I have no idea how I got into this tonight."

11. After their apprehension on January 28, 2020, (1) J.D., (2) X.F., (3) Y.W., and Defendant were transported to the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington, where they remain pending administrative processing.

//
//
//
//
//
//
//

U.S. v. YING HAO LI - 7
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. Based on the foregoing facts, I have probable cause to believe Defendant, YING HAO LI, has committed alien smuggling in violation of 8 U.S.C. §§ 1324 (a)(1)(A)(i) and (B)(i) and 8 U.S.C. § 1324 (a)(2)(B)(ii).

Reese W. Osburn, Complainant
United States Border Patrol Agent

Reviewed by AUSA Don Reno

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence this February 13, 2020, the Court hereby finds there is probable cause to believe Defendant, YING HAO YI, has committed the offenses set forth in the Complaint.

Mary Alice Theiler
United States Magistrate Judge

U.S. v. YING HAO LI - 8
COMPLAINT

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970