UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YING HAO LI, )<br>)<br>Defendant. )<br>_____ ) | CASE NO. MJ 20-060<br><br>DETENTION ORDER |

<u>Offense charged</u>:  Bringing Alien Without Authorization to United States for Personal Gain; Bringing Alien Into United States at a Place Other Than a Designated Port of Entry, Private Financial Gain

<u>Date of Detention Hearing</u>:  February 18, 2020.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

/ / /

DETENTION ORDER
PAGE -1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. Defendant was apprehended at the U.S./Canada border allegedly attempting to bring three Chinese nationals into the United States. Defendant allegedly told agents that he participated in the smuggling event in order to pay off a gambling debt. Defendant is not currently employed. Defendant has a prior 2003 Canadian drug conviction for trafficking in controlled substances, and has previously been denied entry into the United States. He has a Canadian passport and an expired Chinese passport, and family who live in China and Hong Kong. There is some discrepancy about the frequency of his past travel to China. Defendant's fingerprints had been altered to the extent that a fingerprint search through an electronic criminal database could not be accomplished. Defendant represented this was due to repeated instances of eating shellfish.

2. Defendant poses a risk of nonappearance based on his status as a Chinese national, a citizen of Canada, lack of status in the United States, lack of ties to this District, a possible gambling habit, and inconsistencies about foreign travel. If defendant were to reside in Canada pending trial, he could not be subject to location monitoring.

3. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United State Probation Services Officer.

DATED this 18th day of February, 2020.

*/s/ Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
PAGE -3